UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAUL MULA, JR., | Case No. 21-cv-04540-BLF |
| Plaintiff, | **ORDER GRANTING DEFENDANT KRISTOFER BIORN'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| HELENE MULA-STOUKY, et al., | |
| Defendants. | [Re: ECF 59] |

Plaintiff Paul Mula, Jr. ("Paul Jr.") sues members of his family, court-appointed conservators and attorneys, and others, claiming that they have engaged in a RICO[1] conspiracy to deprive him of assets of his deceased grandmother's trust that were intended for him. This order addresses a motion to dismiss the first amended complaint ("FAC") brought by Defendant Kristofer Biorn, an attorney retained by Paul Jr. in 2012, pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is GRANTED WITH LEAVE TO AMEND.

## I.   BACKGROUND

Paul Jr. filed this action on June 11, 2021, and thereafter filed the operative FAC as of right. *See* Compl., ECF 1; FAC, ECF 53. He alleges the following facts, which are accepted as true for purposes of evaluating the motion to dismiss.

*The Ogier Trust*

Paul Jr.'s grandmother, Sara Mula-Ogier ("Sarah"), accumulated millions of dollars in assets during her lifetime, including real estate, stocks, bonds, cash, and personal property. FAC ¶ 10. Sarah had three children: Alan Mula ("Alan"), Helene Mula-Stouky ("Helene"), and Paul

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq*.

United States District Court
Northern District of California

1   Mula, Sr. ("Paul Sr."). *Id*. ¶ 11.  Neither Alan nor Helene had children, but Paul Sr. fathered Paul

2   Jr. and, much later, a daughter who is not a party to this action. *Id*.  On August 17, 2000, Sarah

3   formed the Ogier Trust, naming Paul, Jr. as the beneficiary of the bulk of its assets. *Id*. ¶ 14.

4   Sarah named her daughter, Helene, as her successor Trustee. *Id*. ¶ 15.  A sub-trust of the Ogier

5   Trust was to be established to support Helene for her lifetime, and upon Helene's death the assets

6   of the sub-trust were to be distributed to Paul Jr. when he turned 50 years old. *Id*.

7           *Transfer of Assets out of the Ogier Trust*

8           In 2005, weeks before she died, Sarah signed quitclaim deeds to four real properties

9   previously held in the Ogier Trust. *Id*. ¶¶ 17-20.  The beneficiaries of those quitclaim deeds were

10  Alan, Helene, and Paul Sr. *Id*.  In 2006, Helene retained an attorney, Terry Campbell Wallace

11  ("Campbell), to petition the Probate Court for an order confirming the 2005 transfers. *Id*. ¶ 24.

12  Paul Jr. did not receive notice of the 2006 petition. *Id*. ¶ 24.  The Probate Court granted the

13  petition and allowed transfer of the four real properties to Alan, Helene, and Paul Sr. *Id*.

14          Helene allowed her brothers, Alan and Paul Sr., to convert assets of the Ogier Trust. *Id*. ¶

15  29.  Helene also comingled assets of the Ogier Trust with her own Stouky Trust, such that Ogier

16  Trust assets were placed in the Stouky Trust. *Id*. ¶ 40.

17          *Stouky Trust*

18          In 2012, Helene was conserved.  FAC ¶ 31.  The Probate Court appointed Robert

19  Temmerman ("Temmerman") as Helene's attorney, and Paul Jr.'s half-sister, Christina Smith

20  Weiss ("Weiss"), as the Conservator of Helene's person. *Id*. ¶ 31.  The Probate Court appointed

21  Patricia Bye ("Bye") as the Conservator of Helene's estate and as the successor Trustee of the

22  Stouky Trust. *Id*. ¶ 32.

23          Paul Jr. was the principal beneficiary of the Stouky Trust.  FAC ¶ 27.  However, after

24  Helene was conserved, Temmerman and Bye obtained amendments to the Stouky Trust that

25  reduced Paul Jr.'s interest as a beneficiary of the Stouky Trust, and dissipated the assets of the

26  Stouky Trust, many of which were former assets of the Ogier Trust. *Id*. ¶¶ 35-53.  Trust assets

27  valued at approximately $3,600,000 intended for Paul Jr. have been bequeathed and gifted to

28  Weiss. *Id*. ¶¶ 43-44.

United States District Court
Northern District of California

2

1

*Biorn's 2012 Legal Services to Paul Jr.*

2

In 2012, Paul Jr. sought legal advice.  FAC ¶ 102.  Temmerman referred Paul Jr. to Biorn,

3

and Paul Jr. retained Biorn for advice regarding the 2005 quitclaim deeds signed by Sarah.  *Id*. ¶¶

4

8.10, 102-103.  Biorn advised that the statute of limitations had elapsed with respect to any claims

5

arising from the 2005 transfers.  *Id*. ¶ 103.  Biorn did not inform Paul Jr. that the 2005 transfers

6

were ineffective, and did not inform him about the 2006 probate proceedings.  *Id*.

7

*The Present Lawsuit*

8

Paul Jr. sues the following individuals for RICO violations and related claims:  Alan;

9

Helene; Temmerman; Temmerman's law firm, Temmerman, Cilley & Kohlmann, LLP; Bye;

10

Bye's employer, Bye & Bye Services; Bye's attorney, Alexandra Martin ("Martin"); Martin's law

11

firm, Aaron, Riechert, Carpol & Riffle, APC; Bye's former attorney, Howard G. Frank ("Frank");

12

Weiss; Campbell; Biorn; and Biorn's law firm, Crist, Schulz, Biorn & Shepherd APC.

13

The FAC asserts the following claims:  (1) a RICO claim against all defendants; (2) breach

14

of fiduciary duties against Bye as the Conservator of Helene's estate; (3) breach of fiduciary duties

15

against Bye as Trustee of the Stouky Trust; (4) breach of fiduciary duties against Helene and Bye

16

as Trustees of the Ogier Trust; (5) aiding and abetting breach of fiduciary duties against all

17

defendants; (6) conspiracy to breach fiduciary duties against all defendants; (7) unjust enrichment

18

against Weiss; (8) intentional interference with expectancy of inheritance against Temmerman and

19

Bye; (9) unfair competition against Temmerman and Bye; (10) violation of the Fair Debt

20

Collection Practices Act against Bye and Martin; (11) legal malpractice against Biorn; and (12)

21

conversion against Alan, Helene, Bye, and Weiss.

22

**II.    LEGAL STANDARD**

23

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

24

claim upon which relief can be granted tests the legal sufficiency of a claim."  *Conservation Force*

25

*v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citation omitted).  While

26

a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter,

27

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

28

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

United States District Court
Northern District of California

United States District Court
Northern District of California

### III.   DISCUSSION

Four of the FAC's twelve claims are asserted against Defendant Biorn:  Claim 1 for violations of RICO, Claim 5 for aiding and abetting breach of fiduciary duties, Claim 6 for conspiracy to breach fiduciary duties, and Claim 11 for legal malpractice.  Biorn seeks dismissal of all claims under Rule 12(b)(6).  Plaintiff Paul Jr. contends that his claims are adequately pled.

The Court agrees with Biorn that the FAC fails to state a claim against him, as discussed below.  The Court notes that although the Notice of Motion states expressly that the motion is brought under Rule 12(b)(6), the supporting memorandum contains two passing references to Rule 12(b)(1).  *See* Biorn Mot. at 7, 25, ECF 59-1.  Because Biorn did not adequately notice or brief a motion to dismiss under Rule 12(b)(1), the Court considers only the Rule 12(b)(6) motion.

### A.   Claim 1 – RICO

"The RICO statute sets out four elements for a primary violation: a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt."  *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Claim 1 alleges that all Defendants engaged in a pattern of wrongful conduct to allow them to acquire and maintain control of the Ogier Trust and the Stouky Trust, and to plunder the assets of those Trusts.  FAC ¶¶ 73-78.  However, the only conduct alleged as to Biorn relates to his retention by Paul Jr. in 2012.  FAC ¶¶ 8.10, 48, 102-105.  Paul Jr. sought advice regarding the 2005 transfers, and Biorn allegedly advised that any claims arising out of those transfers were time-barred.  *Id*. ¶ 103.  According to Paul Jr., that was not true, and "[b]ut for Biorn's negligence Paul, Jr, would have learned of the 2006 probate proceeding and instructed Biorn to move to set it aside as a fraud on the court."  *Id*. ¶ 104.  Paul Jr. does not allege any facts suggesting that Biorn's legal malpractice in 2012 was pursuant to or in furtherance of the alleged RICO conspiracy.

Biorn's motion to dismiss is GRANTED as to Claim 1.

### B.   Claim 5 – Aiding and Abetting Breach of Fiduciary Duties

"The elements of a claim for aiding and abetting a breach of fiduciary duty in California are: (1) a third party's breach of fiduciary duties owed to plaintiff; (2) defendant's actual

4

1   knowledge of that breach of fiduciary duties; (3) substantial assistance or encouragement by

2   defendant to the third party's breach; and (4) defendant's conduct was a substantial factor in

3   causing harm to plaintiff." *Gregory v. Harris*, No. 21-CV-03311-VKD, 2022 WL 62539, at *5

4   (N.D. Cal. Jan. 6, 2022) (internal quotation marks and citation omitted).

5   　　　Claim 5 alleges only the first element, identifying Bye as the Trustee of the Ogier and

6   Stouky Trusts, and alleging that Bye breached fiduciary duties she owed to Paul Jr. as a

7   beneficiary of those Trusts. FAC ¶¶ 86-87. The FAC does not allege that Biorn had actual

8   knowledge of Bye's breach of fiduciary duties (second element), that Biorn rendered substantial

9   assistance or encouragement to Bye (third element), or that Biorn's conduct was a substantial

10   factor in the harm Bye's breach of fiduciary duties caused to Paul Jr. (fourth element).

11   　　　Biorn's motion to dismiss is GRANTED as to Claim 5.

12   　　　**C.      Claim 6 – Conspiracy to Breach Fiduciary Duties**

13   　　　Under California law, "[t]he elements of a civil conspiracy are (1) the formation of a group

14   of two or more persons who agreed to a common plan or design to commit a tortious act; (2) a

15   wrongful act committed pursuant to the agreement; and (3) resulting damages." *City of Indus. v.*

16   *City of Fillmore*, 198 Cal. App. 4th 191, 212 (2011). To be liable, a defendant must "have actual

17   knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful

18   purpose." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995).

19   　　　Claim 6 alleges that "[a]ll of the Defendants knowingly participated in a common scheme

20   to assist Bye in her breach of the fiduciary duties she owed to Paul, Jr., as set forth above, with a

21   view to the furtherance of a common purpose or design." FAC ¶ 91. However, the FAC does not

22   contain any facts supporting those conclusory allegations with respect to Biorn. The FAC does

23   not allege that Biorn had actual knowledge Bye planned to breach her fiduciary duties, nor does it

24   allege that Biorn concurred in that scheme with knowledge of its unlawful purpose.

25   　　　Biorn's motion to dismiss is GRANTED as to Claim 6.

26   　　　**D.      Claim 11 – Legal Malpractice**

27   　　　"In civil malpractice cases, the elements of a cause of action for professional negligence

28   are: (1) the duty of the attorney to use such skill, prudence and diligence as members of the

United States District Court
Northern District of California

5

profession commonly possess; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage." *Wiley v. Cty. of San Diego*, 19 Cal. 4th 532, 536 (1998) (internal quotation marks and citation omitted).

The FAC alleges that Paul Jr. learned in 2012 of Sarah's 2005 transfers of real properties from the Ogier Trust.  FAC ¶ 8.10.  Paul Jr. sought legal advice from Biorn, and paid him $5,000.  *Id*. ¶¶ 8.10, 48, 102.  Biorn "intentionally or negligently advised him that any potential claims arising out of those transfers were time-barred." *Id*. ¶ 103.  Biorn did not advise Paul Jr. that the 2005 transfers were ineffective, and that a 2006 order from the Probate Court had to be obtained to make the transfers effective.  *Id*. ¶¶ 103-04.  Paul Jr. asserts that "[b]ut for Biorn's negligence Paul, Jr, would have learned of the 2006 probate proceeding and instructed Biorn to move to set it aside as a fraud on the court." *Id*. ¶ 104.  The FAC alleges that "Paul, Jr. did not learn about the 2006 order ratifying the 2005 deathbed transfers until June 12, 2019." *Id*. ¶ 26.

Biorn argues that it appears on the face of these allegations that the legal malpractice claim is time-barred.  "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."  Cal. Civ. Proc. Code § 340.6(a).  Biorn's alleged negligence occurred in 2012, and Paul Jr. filed this suit more than four years later, in 2021.  The four-year limitations period is tolled during any period that "[t]he attorney willfully conceals the facts constituting the wrongful act or omission when those facts are known to the attorney."  Cal. Civ. Proc. Code § 340.6(a)(3).  Tolling does not appear on the face of the FAC, however, because the FAC does not allege that the circumstances of the 2005 transfers and 2006 Probate Court order were known to Biorn in 2012, or that he willfully concealed those facts from Paul Jr.  The Court thus agrees with Biorn that the legal malpractice claim appears to be time-barred.

In opposition to Biorn's motion to dismiss, Paul Jr. argues that Biorn relies on the wrong statutory limitations period.  California Code of Civil Procedure § 340.6, cited by Biorn and discussed above, is the statute applicable to claims of attorney malpractice "other than for actual

United States District Court
Northern District of California

1  fraud." Cal. Civ. Proc. Code § 340.6(a). Paul Jr. argues that his attorney malpractice claim is

2  based on actual fraud, and therefore is governed by California Code of Civil Procedure § 338(d),

3  which provides a three year limitations period for "[a]n action for relief on the ground of fraud or

4  mistake." Cal. Civ. Proc. Code § 338(d). "The cause of action in that case is not deemed to have

5  accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

6  *Id*. Paul Jr. asserts that he discovered Biorn's misconduct until June 2019, and he filed suit less

7  than three years later in June 2021.

8         In reply, Biorn argues that Paul Jr.'s legal malpractice claim is not currently framed as a

9  claim for actual fraud. The Court agrees. To the extent Paul Jr. asserts a claim based on Biorn's

10 alleged fraudulent concealment of the circumstances regarding the 2005 transfers and 2006

11 Probate Court order, the FAC does not allege that Biorn knew those circumstances at the time he

12 rendered Paul Jr. legal services in 2012.

13        Biorn's motion to dismiss is GRANTED as to Claim 6.

14        **E.    Leave to Amend**

15        Having determined that the claims against Biorn are subject to dismissal, the Court must

16 decide whether leave to amend is warranted. Leave ordinarily must be granted unless one or more

17 of the following factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated

18 failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5)

19 futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital,*

20 *LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

21        The Court finds no undue delay (factor 1) or bad faith (factor 2). While Paul Jr. did amend

22 once as of right, he has not had an opportunity to amend after receiving guidance from the Court,

23 and therefore cannot be said to have repeatedly failed to cure his pleading's deficiencies (factor 3).

24 At this early stage in the proceedings, the Court finds that granting further opportunity to amend

25 would not impose undue prejudice on Biorn (factor 4). Finally, it is not clear that amendment

26 would be futile (factor 5). Having weighed these factors, the Court determines that leave to amend

27 is appropriate. Plaintiff is advised that because all of his claims sound in fraud, the amended

28 complaint must comply with the pleading standard in Federal Rule of Civil Procedure 9(b).

United States District Court
Northern District of California

**IV.  ORDER**

(1)   Defendant Biorn's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to all claims asserted against him, that is, Claims 1, 5, 6, and 11.

(2)   Plaintiff Paul Jr.'s deadline to amend shall be thirty days after the Court's ruling on the last of the three motions to dismiss filed by Defendants.

(3)   This order terminates ECF 59.

Dated:  April 21, 2022

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

8