**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL MULA, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HELENE MULA-STOUKY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-04540-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO REVOKE *PRO HAC VICE* STATUS OF GERALD NORTH**<br><br>[Re: ECF 87] |

　　　　This order addresses the Stouky Defendants' motion to revoke the *pro hac vice* status of Plaintiff Paul Mula, Jr.'s counsel, Gerald North, which is joined by Defendants Terry Campbell Wallace and Kristofer Biorn. The motion is opposed by Plaintiff. The Court previously vacated the hearing on the motion that had been scheduled for July 21, 2022. *See* Order Submitting Mot., ECF 149. The motion is DENIED for the reasons discussed below.

　　　　Under this Court's Civil Local Rules, the judge assigned to the case has discretion to accept or reject an attorney's application for admission *pro hac vice*. *See* Civ. L.R. 11-3(d). The judge may grant *pro hac vice* status to an attorney who is not a member of the bar of this court if the attorney "is an active member in good standing of the bar of a United States Court or of the highest court of another state or the District of Columbia," and the attorney submits a sworn statement containing certain required information. Civ. L.R. 11-3(a). The information that must be included in the sworn statement includes the attorney's agreement to abide by the applicable Standards of Professional conduct, identification of local co-counsel, and the number of times the

1  attorney has been granted *pro hac vice* admission in the district within the twelve months
2  preceding the application.  *See id.*  An attorney is disqualified from *pro hac vice* admission if the
3  attorney resides in California or is regularly engaged in the practice of law in California, absent
4  authorization by an Act of Congress or court order.  *See* Civ. L.R. 11-3(c).
5       Mr. North was granted *pro hac vice* status by this Court after he submitted an application
6  satisfying the above requirements, along with a Certificate of Good Standing to practice in the
7  United States Court of Appeals for the Ninth Circuit.  *See* Order Granting Applic., ECF 83.
8  Defendants urge the Court to exercise its discretion to revoke Mr. North's *pro hac vice* admission
9  based on his record of discipline, suspension, and inactive state bar membership.  Defendants cite
10 the Ninth Circuit's decision in *Bundy*, which holds that "[w]here an out-of-state attorney suggests
11 through his behavior that he will not abide by the court's rules and practices, the district court may
12 reject his *pro hac vice* application."  *In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016).  In
13 response, Mr. North represents that the disciplinary proceedings referenced by Defendants
14 terminated in 2001 and 2005.  Having considered the parties' submissions, and performed an
15 independent search of Mr. North's bar records in the state of Iowa, the Court declines to revoke
16 Mr. North's *pro hac vice* status.
17      Defendants' motion to revoke the *pro hac vice* status of Mr. North is DENIED.

19 Dated:  August 15, 2022

_____
BETH LABSON FREEMAN
United States District Judge